Gafford, *Guardian*, v. Dickinson, *Adm'r*.

MARY GAFFORD, *and* MARY GAFFORD *as Guardian and next friend of Samuel Boyd Dickinson*, v. JOHN C. DICKINSON *as Administrator of Samuel P. Dickinson, deceased, et al.*

FRAUDULENT ADMINISTRATION ; *Cause of Action, Stated ; Jurisdiction.* Where the heirs of a deceased person, after the estate has been finally settled in the probate court, bring an action in the district court against the former administrator and others, and set forth in their petition that the defendants through conspiracy and fraud procured fraudulent judgments and orders to be entered in the probate court, and committed other wrongs, whereby they cheated and defrauded the heirs out of a large proportion of the estate, and the plaintiffs had no knowledge of such fraud and wrongs until after the final settlement in the probate court, and prayed to have the aforesaid judgments and ' orders set aside, and for other relief, *held*, that the petition states a cause of action, and only one, and that the district court has jurisdiction of the same.

*Error from Brown District Court.*

THE opinion states the nature of the action, and the facts. At the September Term, 1885, the court sustained defendants' demurrer to plaintiffs' petition. To reverse this ruling the plaintiffs bring the case to this court.

*W. D. Webb*, for plaintiffs in error.

*W. W. Guthrie, Ira J. Lacock,* and *James Falloon,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The only questions involved in this case arose upon a demurrer to the plaintiffs' petition.    The petition states, among other things, as follows: On November 5, 1879, William Boyd Dickinson died, leaving as his heirs a wife, Mary Dickinson, now Mary Gafford, and one child, Samuel Boyd Dickinson; he also left a large amount of property, both real and personal.    He also left three brothers, Samuel P. Dickinson, Martin Boyd Dickinson, and John C. Dickinson, and one sister, Susan C. Dickinson.    After the death of William Boyd Dickinson, Samuel P. Dickinson, Martin Boyd Dickinson, and Susan C. Dickinson, who are now the defendants in this action, entered into a conspiracy to cheat and defraud the said Mary Dickinson, who is now the plaintiff in this action, and Samuel Boyd Dickinson, her minor son, out of their interest in the aforesaid estate of William Boyd Dickinson, and in pursuance thereof it is alleged that—

"Samuel P. Dickinson came to the plaintiff, and represented to her that he was her friend, and reminded her that he was the brother of her deceased husband, and told her that the estate was large, and that she was not accustomed to doing business; that she could not settle up the estate, and proposed to her that he would do it for her.    He further stated to her that he understood all about the business, having come out of it but a short time before, and that he could and would guard it for her from absorption, and protect her interest and that of her child from being wasted or obtained by anybody, and would preserve it for them.    That this plaintiff, relying on these and other protestations and representations, and reposing great trust and confidence in the said Samuel P. Dickinson, and believing that he would carefully guard and protect the interest of the said estate, and would preserve the same for her and her said child, who are the only heirs of the said William B. Dickinson, agreed to receive his counsel and be governed by his advice in regard to all matters pertaining to said estate; that she was stricken with grief and unaccustomed to doing business, and naturally looked for some one to rely upon, and that the defendant Samuel P. Dickinson, taking advantage of her forlorn

and desolate situation and the relation of brother to her deceased husband, gained her entire confidence, and she relied implicitly in his friendship and integrity, and actually surrendered to him the management and control of her interest and the interest of her said minor child."

In pursuance of the aforesaid conspiracy, the following things occurred, and were had and done: No administrator was appointed until June 15, 1881, when Martin Boyd Dickinson was appointed, and on June 17, 1881, John C. Dickinson was appointed guardian for the minor son, Samuel Boyd Dickinson. Martin Boyd Dickinson failed and refused as administrator to make an inventory of a large proportion of the property belonging to the estate, and made a false inventory of the remainder. He also permitted a large amount of false and fraudulent claims to be allowed against the estate and in favor of Samuel P. Dickinson and Susan C. Dickinson, and paid them from the estate. He also sold at private sale and conveyed to Samuel P. Dickinson, for himself and Samuel P. jointly, a large amount of the real estate belonging to the estate, at about one-third of its real value. The conspirators at the proper times fraudulently procured from the probate court all the necessary orders to enable the administrator to perform these acts.

"And this plaintiff further alleges that she did not discover any of the frauds above set forth until long after they were consummated, and all of them were discovered within the last six months by her; that all of the above and foregoing facts, matters and things are the result of an agreement and conspiracy entered into between the defendants in this suit for the purpose of cheating and defrauding said estate, and for the purpose of cheating and defrauding this plaintiff and her said ward and minor child, only heirs of the said William B. Dickinson, deceased, and that the entire administration of said estate is illegal and void for the reasons above set forth."

A final settlement of the estate by the administrator, with the probate court, was had on June 28, 1884, and the administrator was discharged.

"But that this plaintiff was not present at such settlement;

that she was persuaded to stay away therefrom by the said Samuel P. Dickinson, he representing to her that her presence was unnecessary and that he would attend to her interests there and that she could not understand it in any event; and that, relying on him, the said Samuel P. Dickinson, and not then having discovered that he and the said Martin B. Dickinson were absorbing said estate and cheating and defrauding the same, and still relying on him, the said Samuel P. Dickinson, to protect her interest at such settlement, and to protect the interest of her said son, she did remain away and trusted everything, as she had done all through the said administration, to said Samuel P. Dickinson."

On October 13, 1884, Mary Gafford, formerly Mary Dickinson, was appointed guardian for her minor son, Samuel Boyd Dickinson, and on June 27, 1885, she commenced this action in the district court of Brown county for herself and as guardian and next friend of her said son. The plaintiff also alleges in her petition that the person who was probate judge when the foregoing proceedings were had is still the probate judge, and that he is a material witness in this case, and that she could not safely proceed to trial without his testimony. The plaintiff then prays in her petition that the entire administration of the estate, including all the proceedings had before the probate court with reference to the estate, be set aside, and that a new administration be had, and for such other and further relief as she may be entitled to; and in case such relief cannot be granted, then that she and her son may have judgment against Susan C. Dickinson for $1,554.57, and against Martin B. Dickinson and Samuel P. Dickinson for $30,000, and interest and costs.

To this petition the defendants demurred, on the grounds: (1) That the district court had no jurisdiction; (2) that several causes of action were improperly joined; (3) that the petition did not state facts sufficient to constitute a cause of action. The court below sustained this demurrer. To reverse this ruling the plaintiff brings the case to this court.

We think the court below erred. The petition states a cause of action and only one, and the district court has jurisdiction

of the same. That the district court has jurisdiction, see the following cases: *Shoemaker v. Brown,* 10 Kas. 383; *Musick v. Beebe,* 17 id. 47; *Markson v. Kothman,* 29 id. 718, 723; *Brenner v. Bigelow,* 8 id. 497; *Griffith v. Godey,* 113 U. S. 89; same case, 5 Sup. Ct. Rep. 383; *Heward v. Slagle,* 52 Ill. 336; *Stong v. Wilkson,* 14 Mo. 116; *Jones v. Brinker,* 20 id. 87; *The State v. Roland,* 23 id. 95; *Mitchell v. Williams,* 27 id. 399; *Dillon v. Bates,* 39 id. 292; *Picot v. Bates,* 47 id. 390.

*(margin note: Fraudulent administration; cause of action, stated; jurisdiction.)*

It is true that in the exercise of jurisdiction by the district courts in cases connected with the settlement of the estates of deceased persons, there are some limitations. (*Johnson v. Cain,* 15 Kas. 532; *Stratton v. McCandless,* 27 id. 297; *Kothman v. Markson,* 34 id. 542.) Generally, while the estate is in the course of settlement in the probate court the district court will not exercise its jurisdiction, and this for the reason that the jurisdiction of the district court in such cases is equitable only, and the parties have a plain and adequate remedy in the probate court. The jurisdiction of the district court in all cases like this is merely equitable, and therefore it will generally refuse to exercise such jurisdiction in any case where the parties have another plain and adequate remedy. In this case, however, the settlement of the estate is no longer pending in the probate court. According to the records of the probate court, the estate was finally settled about a year before this action was commenced; and therefore, unless the plaintiff now has a remedy in the district court, she has no remedy. According to the allegations of her petition she was lulled into a belief of perfect security, and then defrauded by the very persons upon whom she relied for protection, and in whom she reposed confidence. She did not suspect fraud, and had no knowledge of the actual fraud that was committed upon her until long after it occurred, and until long after the final settlement.

We think she is entitled to the relief which she now asks, and that she is entitled to obtain it in the district court. Fraud vitiates all things, even the most formal judgments, and the

same may be set aside or other proper relief granted, and this in the district court, unless some specific and adequate remedy is furnished by some other tribunal.

The judgment of the court below will be reversed, and the cause remanded, with the order that the demurrer to the petition be overruled, and for such other and further proceedings as may be proper in the case.

All the Justices concurring.