McAdow v. Boten.

MARY B. McADOW *et al.* v. ADNA BOTEN *et al.*

No. 13,146. (72 Pac. 529.)

SYLLABUS BY THE COURT.

PRACTICE, PROBATE COURT—*Fraud—Jurisdiction of District Court.* Where a fraudulent claim is presented to the probate court against the estate of a deceased person, and the administrator and claimant conspire together to secure its allowance, and land is sold to satisfy the demand and bid in by the claimant, the sale approved, and the administrator discharged, the district court has jurisdiction of an action to set aside the proceedings and to annul the deed.

Error from Atchison district court; W. T. BLAND, judge. Opinion filed May 9, 1903. Reversed.

*Jackson & Jackson*, for plaintiffs in error.

*C. D. Walker*, and *J. L. Berry*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This was a suit brought in the district court by Mary B. McAdow and others, heirs at law of Elizabeth Boten, deceased, to set aside an order of the

probate court of Atchison county, allowing a demand against the estate in favor of Adna Boten in the sum of $662, and to vacate and annul a subsequent order directing a sale of real estate to satisfy the same, and an order approving the sale and directing a deed to be made to said Adna Boten, the purchaser.

The petition alleged that there was a conspiracy between the administrator and Adna Boten for the purpose of fraudulently imposing upon the probate court, and inducing it to allow his claim against the estate, in pursuance of which one Minstrall was appointed administrator, and he consented to the allowance of the demand; that the whole of the amount allowed was fraudulent and unjust; that the decedent during her lifetime was not indebted to Adna Boten in any sum whatever, all of which the administrator well knew; that the conspiracy involved the fraudulent obtaining of title to a tract of land owned by the decedent; that the same was sold on the petition of the claimant, bought in by Adna Boten, and a deed executed to him by the order of the probate court at the instance of the administrator; and thereafter the estate was wound up and the administrator discharged. The claim was allowed February 6, 1900, the land sold February 10 following, and plaintiffs below first had knowledge of the proceedings in April, 1900.

This action was commenced April 8, 1901. The petition prayed that the allowance of the claim in the probate court be set aside and vacated, that the deed made by the administrator be annulled, and that the real estate be decreed the joint property of the heirs of Elizabeth Boten, deceased, in the proportion that they inherited the same, and that the property be partitioned among the parties. A general demurrer was sustained to this petition on the ground that it

did not state facts sufficient to constitute a cause of action.

We think the court below erred in sustaining the demurrer. It is unnecessary to look beyond the decisions of this court for authority to uphold the equitable power of the district court in cases like the present. In *Shoemaker v. Brown*, 10 Kan. 383, comment was made on the full chancery powers conferred on the district courts by what is now section 1923 of the General Statutes of 1901. It was there held that while the finding of the probate court was a judicial determination of matters coming within its jurisdiction, its judgments could be impeached for fraud in obtaining the same. Later, in the case of *Gafford, Guardian, v. Dickinson, Adm'r*, 37 Kan. 287, 291, 15 Pac. 175, 177, it was decided that while the estate is in process of settlement in the probate court, the district court will not assert its equitable jurisdiction, for the reason that the parties have a plain and adequate remedy in the probate court. It was there said :

"In this case, however, the settlement of the estate is no longer pending in the probate court. According to the records of the probate court, the estate was finally settled about a year before this action was commenced ; and therefore, unless the plaintiff now has a remedy in the district court, she has no remedy."

The same principle was reiterated in *Ladd v. Nystol*, 63 Kan. 23, 64 Pac. 985. In that case, however, the plaintiff failed because the allegations of fraud were not specific, nor were circumstances alleged with sufficient particularity to afford relief. In the case at bar the conspiracy between the administrator and the claimant in the probate court is definitely stated, it being alleged that the deceased whose estate was sought to be administered owed nothing to the claim-

ant in her lifetime, and that the resort to administration was a scheme and device of Adna Boten and the administrator to obtain the land in fraud of the heirs.

Complete relief can be afforded to the parties by a suit in equity. In *Klemp v. Winter*, 23 Kan. 699, a doubt is expressed whether adequate relief in a case much like the present one could be given in the probate court.

The allegations of the petition are amply sufficient to sustain a decree vacating the orders of the probate court and restoring the real estate to the heirs. The absence of the administrator as a party defendant in the suit we do not regard as important.

The judgment of the court below will be reversed, with directions to overrule the demurrer to the petition.

All the Justices concurring.