Leslie v. Manufacturing Co.

No. 21,308.

ALFRED LESLIE, *Appellee*, V. THE PROCTOR & GAMBLE MANU-
FACTURING COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. MINOR SON—*Personal Injuries—Compromise and Settlement—Au-
thority of Parent—Judgment by Consent.* Where a minor has sus-
tained personal injuries, which his father and the wrongdoer settled
for an inadequate sum, such minor on attaining his majority may
bring an action against the wrongdoer for his injuries, notwithstand-
ing the settlement negotiated by his father.

2. SAME. An inadequate settlement by a father for his minor son's in-
juries does not bar an action by the son on attaining his majority, al-
though the father and the wrongdoer had, by agreement, filed an
action in a city court (like that of a justice of the peace) for the
agreed sum, and judgment had been taken thereon against the wrong-
doer without evidence, without judicial consideration, and with only a
perfunctory entry of the judgment by the city court for the agreed sum.

3. JUDGMENT IN CITY COURT—*Extrinsic Fraud—Jurisdiction of District
Court to Set Aside.* In the circumstances narrated in paragraphs
1 and 2 of the syllabus, it was unnecessary for the son to give any
countenance to the judgment in the city court nor to appeal from
that judgment; he could properly proceed by an independent action
in a court having general jurisdiction, both at law and in equity, and
have the judgment of the city court set aside as a pertinent incident
to the securing of adequate redress for his injuries.

4. MINOR — *Injuries—Settlement by Parent—Judgment by Consent—
Rights of Minor Son on Attaining His Majority—Pleadings.* On at-
taining his majority the plaintiff brought an action in the district
court in which his petition, in substance, alleged that when he was
seventeen years old he sustained an injury to his hand while in de-
fendant's employ and through the latter's negligence; that his father
without authority settled plaintiff's claim for damages for $300—a
grossly inadequate sum; that an attorney employed by defendant
filed an action against the defendant in a city court for the agreed
amount; that another attorney employed by defendant confessed judg-
ment for the agreed amount; that there was no trial, no evidence, no
judicial consideration of the facts, nor of the propriety or adequacy
of the settlement. All the pertinent facts were pleaded. *Held*, that
a demurrer to such a petition was properly overruled.

5. SAME—*Action in District Court—Continuance Pending Appeal.* When
a litigant has determined to bring an intermediate appealable order
of the district court to the supreme court for review, he commits no
impropriety and loses no rights by suggesting to the district court

the advisability of continuing the cause in the trial court until the supreme court determines the question presented by the appeal.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 8, 1917. Affirmed.

C. *Angevine,* of Kansas City, for the appellant.

J. O. *Emerson,* and David J. *Smith,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought this action for damages sustained while in defendant's employment by an injury to his hand. The petition alleged that in 1912, when plaintiff was a minor about seventeen years old, he was employed in defendant's packing house; that while so employed he slipped and fell on a wet and oily floor and his hand was caught and crushed in a box-nailing machine; that the machine was defective, and had no fender or guard about it; and that it was practical to have such a guard. It was also alleged that in 1913 the defendant made an agreement with plaintiff's father whereby defendant was to pay plaintiff and his father the sum of $300 in settlement of plaintiff's claim for the injuries sustained by him, and that a judgment for that agreed sum should be rendered for plaintiff and against the defendant in a city court (like that of a justice of the peace) in Kansas City, Kan. That pursuant thereto, the defendant's attorney caused a petition to be drawn, entitled "Alfred Leslie, a minor under the age of twenty-one, by and through his father as guardian and next friend, Willey Leslie, plaintiff, versus The Proctor & Gamble Manufacturing Company, a corporation, defendant," wherein it was alleged that the plaintiff was entitled to recover from the defendant the sum of $300 for the injuries to the plaintiff. The defendant employed another attorney to sign the said petition as attorney for the plaintiff, but the said attorney was not in fact attorney for the plaintiff, but was one of the attorneys for the defendant. The petition continues:

"That the defendant, by its attorneys . . . caused the . . . petition to be filed in the city court, . . . and caused a judgment to be

Leslie v. Manufacturing Co.

entered . . . in favor of the plaintiff Alfred Leslie and against [itself] . . . for $300.00. . . .

"The aforesaid judgment was entered solely by agreement and consent of the defendant and Willey Leslie; no trial was had before the court, and no evidence was offered or presented to the court. No hearing or inquiry was made by the court into the merits of the case or of the rights of the plaintiff, and no judicial examination of the facts was made by the court to determine whether the settlement was reasonable and proper. . . . At the time of said proceeding Willey Leslie was not the legal guardian of Alfred Leslie, nor was he appointed by the said city court as next friend of Alfred Leslie, nor did he qualify as next friend of Alfred Leslie in the said action in the city court.

"The plaintiff has been and is greatly aggrieved and hindered by the said settlement and judgment in the city court; said settlement was not fair to the plaintiff, and plaintiff was thereby deprived of his substantial rights, and has been and will be defrauded out of a large sum of money, to wit, three thousand dollars ($3,000.00), which he should recover from the defendant unless said settlement and judgment is set aside. The said proceeding and judgment were illegal, null and void and should be vacated and held for naught. As against said judgment the plaintiff has no adequate remedy at law. . . .

"The plaintiff Alfred Leslie became twenty-one years of age August 21st, 1916, and he disaffirmed the aforesaid settlement for three hundred dollars ($300.00) within a reasonable time after he became of age, by bringing this suit on the 12th day of September, 1916.

"The plaintiff has not had any power or control of any part of the Three Hundred Dollars ($300.00) paid on said pretended settlement, since the plaintiff arrived at the age of majority."

Defendant's demurrer to plaintiff's petition was overruled, and the correctness of this ruling is the subject of this review.

The appellee raises a preliminary question—that defendant cannot have this ruling determined at this time because its counsel filed a motion in the district court alleging that it had appealed to the supreme court on the ruling on the demurrer, and that—

"This defendant therefore respectfully requests this court to make an order staying further proceedings in this court until said appeal shall have been disposed of by the supreme court."

The rule announced in *U. P. Rly. Co. v. Estes,* 37 Kan. 229, 15 Pac. 157, does not cover the incident at bar. The defendant, having appealed, could ask for nothing from the district court as a matter of right, but there was no impropriety in suggesting a stay, a continuance, until the supreme court had determined the question appealed. The practice of asking a con-

11—102 Kan.

tinuance or suggesting to the trial court its propriety when an intermediate appeal is taken, is common, although it is not ordinarily made with the formality of a written motion.

Passing then to the main question, it is defendant's contention that the district court had no jurisdiction to entertain this cause as an independent action, and that it could only exercise an appellate jurisdiction to affirm, reverse, modify or vacate the judgment of the city court. Defendant also insists on the application of the ordinary rule that a judgment can only be vacated in the court in which it is rendered.

In this case, however, it should be noted that the petition contains allegations of extrinsic fraud not involved in the issues in the city-court case, and the judgment is therefore properly subjected to a direct attack. Moreover, the judgment in the city court was not upon the merits, but upon an unauthorized agreement between plaintiff's father and the defendant. There was no judicial consideration of the matter at all in the city court—not even on the question whether the infant's interests were being protected by the agreement to which the city court was asked to give its judicial sanction. There was in fact no judgment in any proper sense, but merely a mummery of form in a vain endeavor to give some colorable judicial approval of the settlement.

In *McAdow v. Boten*, 67 Kan. 136, 72 Pac. 529, it was held that an independent suit could be maintained to set aside a sale of property, and to set aside an administrator's deed thereto which had been procured through extrinsic fraud.

In *Fincke v. Bundrick*, 72 Kan. 182, 83 Pac. 403, where a sale of real estate had been made by an executor pursuant to an order of the probate court fraudulently procured, a minor whose interests had been sacrificed in such sale was permitted on attaining her majority to maintain an action to set aside the sale and to set aside the executor's deed. The court said:

"Since it was not possible for the plaintiff to obtain relief in the probate court, administration having been closed and the executor finally discharged, the district court had jurisdiction to entertain her suit. (*Gafford, Guardian, v. Dickson, Adm'r*, 37 Kan. 287, 15 Pac. 175; *McAdow v. Boten*, 67 Kan. 136, 72 Pac. 529.)" (p. 189.)

It is not discernible how the wrongs of plaintiff, alleged in his petition, could have been redressed in the city court nor

Leslie v. Manufacturing Co.

by an appeal from that judgment. The city-court judgment, treating it as a *bona fide* judgment, was for the full amount prayed for in the petition prepared by an attorney furnished by defendant and filed by him under the unauthorized agreement made with plaintiff's father.

In *Railway Co. v. Lasca,* 79 Kan. 311, 100 Pac. 278, an independent action in an infant's behalf was entertained to set aside a judgment theretofore rendered in favor of the infant for an inadequate sum for personal injuries. That action was brought in the same court—a court of record—in which the prior judgment had been rendered. This court said that "as a general rule a judgment can only be vacated in the court in which it was rendered." (p. 320.) But as we have seen in *McAdow v. Boten,* and *Fincke v. Bundrick,* supra, the jurisdiction of the district court may be invoked to set aside judgments of an inferior court for fraud extrinsic to the issues, without the formality of seeking their correction in the inferior court which rendered such judgment. And if this may be done with reference to such judgments in the probate court, it may certainly be done with reference to such judgments of a city court whose status is but that of a justice of the peace. In 1 Black on Judgments, section 297, it is said:

"The power to vacate judgments is said to be incident to all courts of record, and to be usually exercised under restraints imposed by their own rules. It is not commonly possessed by the inferior tribunals— courts not of record—such as the courts of magistrates or justices of the peace, though in some of the states it may be."

Where the fraud complained of is extrinsic to the issues, an independent action is permitted and ordinarily equitable relief is a necessary and pertinent feature of such an action, and it is not necessary to bring it in the inferior court where the first judgment was rendered, especially if such court has no equitable jurisdiction. Moreover, a mere vacation of the collusive judgment in the city court was not all the relief the plaintiff was entitled to. Tested by defendant's demurrer, he is entitled to relief for a sum ten times greater than the city court could give.

It is urged that the plaintiff's petition is but a collateral attack on the judgment entered in the city court. We think not. It is a direct attack.

Proceedings instituted for the purpose of destroying, impairing, or modifying the force or effect of a judgment for all cases, such as proceedings to reverse, vacate, set aside, declare void, suspend, modify, or perpetually enjoin a judgment, are direct proceedings." (*Mastin v. Gray*, 19 Kan. 458, 466.)

As against a demurrer the petition sufficiently alleged the plaintiff's grievances, the misconduct of defendant and of plaintiff's father; it shows that there was in fact no trial, no judicial consideration, no *bona fide* judgment, but merely a complaisant and perfunctory acquiescence by the city court in the unauthorized settlement; it shows the predicament of plaintiff on account of the collusive proceedings; and that only the strong arm of a court of equity can sweep the rubbish of the settlement out of his way so that his wrongs may be adequately redressed.

In all the discussion of the facts of this case, it should not be overlooked that the court only assumes the facts pleaded in the petition to be true for the purpose of testing the propriety of the demurrer. The proof may wholly fail. When defendant answers and the evidence is adduced, a radically different state of affairs may be disclosed. But the facts as pleaded do disclose that plaintiff has no other adequate remedy, and the demurrer to his petition was properly overruled.