No. 31,281

GRACE EATON, *Appellee,* v. EDITH R. KOONTZ, ANNA M. WINEBRIGHT and ALICE E. DODGE, *Appellants.*

(25 P. 2d 351.)

Opinion filed October 7, 1933.

*I. T. Richardson,* of Emporia, for the appellants.

*W. C. Harris* and *W. L. Harris,* both of Emporia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The petition asserted plaintiff was the owner of an undivided one-fourth interest in a section of land in Greenwood county, and in form was one for possession and partition. The issue, as finally framed, was whether plaintiff's interest had been lawfully sold and conveyed by administrator's deed, to pay debts of plaintiff's father, from whom she derived title by descent. The court returned findings of fact and a conclusion of law on which judgment was rendered for plaintiff. Defendants appeal.

It may be helpful to introduce the findings by a preliminary statement.

Edward E. Dodge and Mary E. Dodge were husband and wife. They had four children, Edward H., Edith, Anna and Alice. Edward E., owner of the land, made a will devising the land to his wife for life, remainder to his four children in equal parts. The testator died, his will was duly probated, and each of the children became owner of an undivided one-fourth interest in the land, subject to the mother's life estate.

Edward H. Dodge married Pearl Bentley, and one of his sisters testified there was no rejoicing over the marriage by members of the family. Edward H. and Pearl had one child, Grace, now Grace Eaton, the plaintiff. Edward H. and his wife were divorced, custody of Grace was given to her mother, and her existence was ignored by her father's sisters.

Edward H. died intestate in Colorado, leaving his daughter Grace as his sole heir. His sister Anna had married C. M. Winebright, and Winebright was appointed administrator. Winebright filed a personal claim against the estate, which was allowed. Winebright then petitioned the probate court of Greenwood county for an order of sale of the land, to pay debts of the deceased. Edith Dodge married C. C. Koontz, and Winebright reported a sale of the land to Koontz, but Mrs. Winebright, Mrs. Koontz, and their sister, Alice Dodge, soon appeared as owners. Mary E. Dodge, owner of the overlying life estate, died, and on the face of the court records the daughter of Edward H. had been excluded from all interest in the land. In due time she discovered what had occurred, and brought the action which terminated in her favor. The findings of fact,

which tell the story in detail, and the conclusion of law on which the judgment rests, follow:

"FINDINGS OF FACT.

"First. Edward H. Dodge died intestate in Delta county, Colorado, on September 13, 1926, seized of an undivided one-fourth interest in and to all of section No. 4, township No. 23, range No. 12 east, Greenwood county, Kansas, subject to a life estate in his mother, Mary E. Dodge.

"Second. The plaintiff herein was a daughter of said Edward H. Dodge, and his sole and only heir.

"Third. C. M. Winebright and the defendants, and Mary E. Dodge, mother of the defendants and of Edward H. Dodge, knew of the fact stated in finding No. 2, at all times.

"Fourth. On September 15, 1926, C. M. Winebright filed his verified petition in the county court of Delta county, Colorado, for letters of administration on the estate of Edward H. Dodge, and therein made the false statement that Mary E. Dodge, Alice E. Dodge, Mrs. C. C. Koontz and Mrs. C. M. Winebright were the sole and only heirs of Edward H. Dodge, deceased, which statement was known to be incorrect by all of said parties. In another affidavit made by Winebright and filed in said proceeding he also stated that Mary E. Dodge, mother of Edward H. Dodge, was his sole and only heir, which statement was false.

"Fifth. C. M. Winebright was appointed administrator of this estate by the clerk of the county court of Delta county, Colorado, on September 15, 1926. The clerk, Frank M. Goddard, however, was also the county judge. No seal of the court was affixed to the order of appointment.

"Sixth. This appointment of Winebright as such administrator was procured as the result of an agreement made therefor by said Winebright, Mary E. Dodge, and the defendants herein.

"Seventh. On October 26, 1926, C. M. Winebright filed his claim against said estate and procured the allowance thereof. At the time said claim was filed a very large portion of it was barred by the statute of limitations of the state of Colorado, and thereafter there came into the hands of Winebright, as administrator, for the payment of claims against said estate, an amount amply sufficient to pay all claims, except such of his claim as was so barred by the statute of limitations, without any necessity for the sale of the land in Greenwood county, Kansas, heretofore described and herein in controversy.

"Eighth. Sec. 5335 of Compiled Laws of Colorado, 1921, is as follows:

"'5335. *Claims filed within six months—Notice—Sec. 185.* Persons having claims against estates may file the same at any time within six months after the granting of any letters of executorship, and administratorship or guardianship, and upon giving the executor, administrator or conservator ten days' notice of the time they intend to present the same for allowance, may present for allowance such claim so filed against the estate, at any term of the court after adjustment day and before the final settlement of the estate.'

"Ninth. Sec. 5338 of Compiled Laws of Colorado, 1921, is as follows:

"'5338. *When executor, etc., has claim against estate—Sec. 188.* When any executor, administrator or conservator shall have any demand against his

testator's, intestate's or ward's estate, he shall be required to file his demand with the county court as other persons, and the court shall appoint some discreet person to appear and manage the defense for the estate, and upon a final hearing said court shall allow said demand, or such part thereof as shall be legally established, or reject the same, as to said court shall appear just; should an executor, administrator or conservator appeal in such case, the county court shall appoint some person to defend as aforesaid.'

"Tenth. Sec. 5342 of Compiled Laws of Colorado, 1921, is as follows:

" '5342. *Proof of Claim—Sec. 192.* No person making a claim against the estate of any testator, intestate, or mental incompetent, shall be permitted to prove the same by his or her own oath, but said court shall, before giving judgment against any executor, administrator, or conservator, require the claimant to make oath that such claim is just and unpaid; provided, that the amount of such judgment shall not be increased on the affidavit of the claimant; and provided further, that every demand shall be proven in the same manner and by like evidence as would be required in other cases where one defends as an administrator.'

"Eleventh. The court appointed as the 'discreet' person to defend the estate, as required by section 5338 above, one Walter H. Beckley. He appears to have been a janitor at the courthouse, and his services in and about the matter were entirely perfunctory. No notice was ever given him of the hearing upon said claims as provided by section 5335 above quoted, and the claim was never presented to him and was never approved by him. No proof was ever made of said claim as required by section 5342 above, except the verified statement of the account, nor was any other evidence offered to support the same.

"Twelfth. The mother of Edward H. Dodge, deceased, and the defendants herein, each voluntarily contributed $500, or a total of $2,000, the proceeds of an insurance policy upon the life of Edward H. Dodge, to pay the debts of the deceased. This $2,000 is not accounted for in receipts of Winebright in his statement of receipts and disbursements.

"Thirteenth. This voluntary contribution was made prior to any proceedings had towards selling the land hereinafter referred to.

"Fourteenth. On September 28, 1929, Winebright, administrator, filed in the probate court of Greenwood county, Kansas, his petition to sell the undivided interest of the deceased in the section of land heretofore described, alleging therein that there was no personal estate of deceased, and that unpaid debts, with charges of administering the estate, were approximately $7,000.

"Fifteenth. Except for the payment of that part of the claim of Winebright which was barred by the statute of limitations, there was no necessity or legal basis for the sale of this land by him as administrator.

"Sixteenth. Pursuant to this petition so presented by the said Winebright as administrator, said real estate was sold on November 27, 1929, for the purported sum of $5,500 cash in hand.

"Seventeenth. Said Winebright, administrator, reported to the probate court of Greenwood county, and procured its approval thereof, that he had sold said real estate to one C. C. Koontz for $5,500 cash in hand, and that he did not directly or indirectly purchase the same, and that he was not interested in the property. The fact is that Koontz did not in reality purchase said real

estate. He paid no money therefor. Immediately after receiving the administrator's deed to said real estate from Winebright, administrator, he conveyed the same back to Winebright, and vested him with title thereto, and this deed was afterwards lost or destroyed. Koontz thereafter, by prearrangement, conveyed by quit-claim deed the real estate described to the defendants herein. There was paid to said Winebright, as administrator, by Mary E. Dodge, the mother, the sum of $5,200. By a prior understanding between all the parties, the title to this real estate was by this proceeding intended to be vested in Anna Winebright, wife of the administrator, and the other defendants herein.

"Eighteenth. C. M. Winebright, administrator, is the husband of Anna Winebright, one of the defendants herein. Mary E. Dodge was the mother of said Anna Winebright and of the other defendants, Alice E. Dodge and Mrs. C. C. Koontz. C. C. Koontz was the husband of the defendant, Mrs. C. C. Koontz.

"Nineteenth. The proceedings in the sale of said land was a subterfuge for the purpose of divesting the plaintiff of her interest in said real estate, and the scheme to so divest her of such title was participated in by all the defendants, Mary E. Dodge, C. C. Koontz, and Winebright as administrator.

"Twentieth. The defendants and Mary E. Dodge and Winebright purposely concealed from the county court of Delta county, Colorado, the existence of this plaintiff.

"Twenty-first. The plaintiff herein had no knowledge or actual notice of any of the proceedings hereinbefore cited, or of the death of her father, until shortly before the commencement of this action."

"CONCLUSION OF LAW.

"All proceedings had in the probate court of Greenwood county, Kansas, for, and the sale of the land in controversy, should be set aside, and the plaintiff restored to her undivided interest in said land."

The findings of fact were sustained by the evidence. That the action was maintainable in the district court, and that the action constituted a direct attack on the validity of the proceeding culminating in the administrator's deed, are propositions too well settled to require printing of another list of authorities.

The attitude of defendants is perfectly simple. The probate court of Colorado had jurisdiction over the subject of allowance of claims against the Dodge estate, and allowed them. The Kansas court had jurisdiction over the subject of sale of land to pay debts. Notice of hearing of the application to sell was given by publication, and in contemplation of law, plaintiff had her day in court. The order of allowance of claims by the Colorado court was *prima facie* evidence of the existence of debts. The Kansas court ordered the land sold, and approved the sale which was reported. The forms of the law

having been observed, plaintiff is remediless. True, plaintiff charged fraud; but relief on the ground of fraud may be granted only for extrinsic fraud in fact. If there was fraud, it related to determination of the issues, existence of debts, and necessity to sell land to pay debts. Such fraud is intrinsic, and the district court was powerless to do anything about it.

When Dodge died, the persons other than plaintiff who would be interested in sale of the land to pay debts, gave Winebright money to pay provable debts. Debts of the decedent barred by statute of limitations were not provable because they were not valid and enforceable claims against his estate. Therefore, as the district court found, there never in fact existed any necessity or legal basis for an administrator's sale of the land.

· Winebright, administrator, took the role of creditor of the estate, and presented a large claim barred by the statute of limitations, and consequently no debt of the estate. The law of Colorado provided the way by which the validity of this claim might be established. A dummy was designated to defend against the claim. He had no authority to waive bar of the statute of limitations, patent on the face of the claim filed, but Winebright ignored him, and procured allowance of the claim without proof which the statute required. Paraphrasing the language of the opinion of this court by Dawson, J., in the case of *Leslie v. Manufacturing Co.*, 102 Kan. 159, at 162, 169 Pac. 193, there was no judgment of allowance of the claim in any proper sense, but merely a mummery of form in an effort to give colorable judicial approval of Winebright's claim.

The judgment allowing the claim was brought to Kansas, and a proceeding was instituted in the proper probate court, nominally to sell the land to pay debts. Winebright deceived the court by returning a sale he did not make, and an administrator's deed was issued. The proceedings were collusive, and were resorted to as a subterfuge to divest plaintiff of her one-fourth interest in a section of land, and vest that interest in the administrator's wife, the purported purchaser's wife, and their sister.

The court has distinguished between extrinsic fraud and intrinsic fraud occurring in the course of a proceeding. The distinction is sound, and is adhered to. Extrinsic fraud consists in preventing fair presentation of issues. Intrinsic fraud relates to fair determination of issues. (*Potts v. West*, 124 Kan. 815, 262 Pac. 569.) Some of the

conduct displayed in the proceedings under consideration may be classified as extrinsic fraud, but it is not necessary to catalogue what was extrinsic and what was intrinsic. Practical application of the distinction is often difficult, and the court does not propose to become so involved in rules and distinctions and categories of its own making or recognition that it becomes impotent to deal in a forthright manner, when necessary, with that most persistent of all baleful practices, the practice of fraud.

In the case of *McAdow v. Boten,* 67 Kan. 136, 72 Pac. 529, a claim was allowed by a probate court, which was used as a basis for an administrator's sale and conveyance of land. The decedent in fact owed nothing for which a sale could legally be made, an intrinsic matter for determination of the probate court when the claim was allowed. Whether a sale of the land was necessary to pay debts, and whether authority to sell was properly carried out, were likewise matters for the court to adjudicate in granting the order of sale and in confirming the sale and ordering deed. The whole proceeding, however, was collusive, and was instituted and carried out to deprive heirs of their land. The court did not parley over the nature of the fraud, whether extrinsic or intrinsic, but in effect held land may not be stolen in that way. The syllabus reads:

"Where a fraudulent claim is presented to the probate court against the estate of a deceased person, and the administrator and claimant conspire together to secure its allowance, and land is sold to satisfy the demand and bid in by the claimant, the sale approved, and the administrator discharged, the district court has jurisdiction of an action to set aside the proceedings and to annul the deed."

The decision was sound, and is sufficient authority, if authority be needed, for the judgment of the district court in this case.

An extended review of the cases, multifarious in their facts, is not necessary. Generally, when the court is called on to review a proceeding which was instituted by collusion in furtherance of a scheme to prostitute the court and its processes to fraudulent ends, and the proceeding has culminated in a judgment or order apparently regular and valid which would effectuate the iniquitous design, the court should not hesitate to nullify the judgment or order.

The judgment of the district court is affirmed.