MURPHY V. THE CHICAGO, MILWAUKEE AND ST. PAUL
RAILWAY COMPANY.

Statute of Limitations: INJURY AND DEATH OF MINOR: WHEN
ACTION ACCRUES AND IS BARRED. Where a minor, through defend-
ant's negligence, received injuries from which he died about
two hours afterwards, *held* that a cause of action arose in his
favor during his life, immediately upon receiving the injury,
and that the limit of two years prescribed by the statute of limita-
tions (Code, sec. 2529) began at once to run against his right of
action, and that an action begun by his administrator, later than
two years after the injury was received, was barred by the statute.
Section 2535 of the Code does not have the effect to suspend the
running of the statute in such a case until the appointment of the
administrator. (See Code, sec. 2527.)

*Appeal from Scott District Court.*—HON. A. HOWAT,
Judge.

FILED, MAY 10, 1890.

ACTION to recover for personal injuries sustained
by plaintiff's intestate. A demurrer to the petition
was sustained, and, plaintiff refusing to further plead,
judgment was rendered in favor of defendant for costs.
The plaintiff appeals.

*Murphy & Gould* and *D. B. Nash*, for appellant.

*Wm. K. White*, for appellee.

ROBINSON, J.—The petition shows that on the
twenty-seventh day of January, 1887, plaintiff's intest-
ate, one John Cunningham, was a minor of the age of

about eighteen years; that on the date named, while discharging his duties as an employe of defendant, he received injuries in consequence of negligence and the want of proper care and management on the part of defendant, which caused his death about two hours after the injuries were received; that plaintiff was duly appointed administrator of the estate of the deceased on the sixth day of March, 1889. Other averments of the petition need not be considered. This action was commenced on the fifteenth day of April, 1889. The ground of the demurrer to the petition is stated as follows : "The petition on the face thereof shows that the claim is barred by the statute of limitations, in this : That said action was not brought within two years from the alleged wrongful act."

Section 2529 of the Code provides that actions founded on injuries to the person may be brought within two years "after their causes accrue, and not afterwards, except when otherwise specially declared." Section 2535 provides that the time limited for such actions "shall, in favor of minors, as defined by this Code, and persons insane, be extended so that they shall have one year from and after the termination of such disability within which to commence said actions." Appellant contends that, as the deceased was a minor, resting under disability to maintain an action in his own name, at the time of the injury, and so continued until his death, he did not become vested with a complete right of action during his lifetime; that the statute of limitations will not begin to run until there is a person who has the legal capacity to sue and be sued; that the imperfect right of action of the deceased survived to his estate, and was perfected by the appointment of the administrator; that the operation of the two-years limitation of section 2529 to which we have referred was suspended by the provisions of section 2535. Numerous authorities are cited in support of these claims, but, in our opinion, few, if any of them, are in point, for the eason that rthe determination of the question involved

depends almost wholly upon the statutes of our own state. It has been held that the right of action for a wrong which results in death vests in the person injured if he survive the injury but for a single moment. *Kellow v. Railway Co.*, 68 Iowa, 480, 484. "All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same." Code, sec. 2525. "When a wrongful act produces death, the damages shall be disposed of as personal property belonging to the estate of the deceased." Code, sec. 2526. "The actions contemplated in the two preceding sections may be brought, or the court on motion may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased. Such action shall be deemed a continuing one, and to have accrued to such representative or successor at the same time it did to the deceased if he had survived." Code, sec. 2527. Ordinarily, a cause of action may be said to have accrued when the liability of the person against whom it exists is complete.

The fact that the owner of such cause of action is a minor when it accrues will not prevent the running of the statute. Section 2535 provides that in such a case the time limited by the statute "shall be extended," and not that the statute shall be suspended for one year from and after the termination of the disability. See *Mathews v. Stephens*, 39 Iowa, 280. In this case the liability of defendant was complete when deceased received the injuries which resulted in his death. The guardian of his estate, had there been one, might then have commenced an action in behalf of the minor to recover the damages in question. Upon the death of the minor, his claim for damages, as personal property, passed to his legal representative, but subject to the provision of section 2527 that it should be deemed to have accrued to such representative at the time it did to him. No exception is made in the case of a minor, and we know of no reason for one. An administrator of the estate of a minor is appointed as readily as in

the case of an adult. Section 2535 confers no right upon the legal representative of a decedent in a case of this kind. We conclude that the cause of action involved in this case vested in decedent during his lifetime, and that the statute of limitations commenced to run at that time; that it was not suspended by his death, and was not extended by the delay in appointing the administrator; and, since more than two years elapsed from the time of the injury to the commencement of this action, that it is barred by the statute. The judgment of the district court is

AFFIRMED.