No. 39,126

EMMA MATHEY, *Appellant,* v. CHARLES H. MATHEY, *Appellee.*

(267 P. 2d 516)

Opinion
denying a rehearing filed March 6, 1954. (For
original opinion see 175 Kan. 446, 264 P. 2d 1058.)

*Henry H. Asher,* of Lawrence, *C. L. Hoover,* of Junction City, and *Myron S. Steere,* of Ottawa, for the appellant.

*U. S. Weary,* of Junction City, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Appellant has filed a motion for rehearing. She complains of the alimony judgment rendered by the trial court and affirmed by this court. She also directs attention to some alleged factual misstatements in the opinion. If the latter exist they should be corrected without equivocation. If they were prejudicial to her interests a rehearing should be granted.

In view of the failure of both parties to comply more carefully with rules five and six of this court relative to abstracts, counter abstracts and briefs we encountered some difficulty originally, and do now, in determining certain factual statements complained of. We, therefore, have obtained the official transcript; which this court should not be, and is not, required to read. As a result of such study we find the following statement in the opinion that,

"As a result of the property settlement in the former divorce action the parties jointly owned the three pieces of real estate involved in the instant action. Appellant also owned real estate which she had acquired in the 1946 divorce action," (p. 447)

is not supported by the record itself. It is, therefore, hereby deleted from the opinion.

The portion of the opinion immediately following the foregoing quotation, however, plainly states that property owned by appellant prior to the last marriage, irrespective of the source of her title, was set aside to her as her own by the district court and was not involved in determining the alimony allowed in this action. (See p. 447 and repeated statement at p. 452.) The opinion further dis-

closes the only real estate involved in determining alimony was three properties on which appellant's own witness placed the values. (p. 447.) From the opinion it is entirely clear the foregoing quoted statement did not adversely affect the alimony awarded appellant by the district court or by this court in affirming that award.

Appellant says the following statement is inaccurate:

"One of these properties [referring to the three properties involved] had been quite well refurnished with new carpeting and other articles within the last year prior to the filing of this divorce action." (p. 447.)

The abstracts and counter abstract are confusing on that point. Appellee, however, in his answer to the motion for rehearing now concedes the property so refurnished was not one of the three properties involved in determining alimony but was property which belonged to appellant and which was occupied as the home of the parties before the present action was filed. The factual statement in the opinion is, therefore, deleted.

Was the statement prejudicial to appellant's cause? Obviously it was not. It was in her favor. It now clearly appears the real property appellant received as part of the alimony award was worth $7,500 without the mentioned improvements. She, therefore, retained the value of the improvements recently made on her own property, which were contributed to largely by appellee, and in addition thereto received the alimony indicated in the opinion.

Appellant complains of the statement in the opinion which reads,

"We find no testimony in the record as to the rental value of any of the three properties," (p. 448.)

and directs attention to specific pages of one of her abstracts in support of her contention the statement is erroneous. The statement is neither erroneous nor inaccurate. The record relied on by appellant reflects only gross rental income and completely ignores actual costs involved such as insurance, utilities, maintenance and repairs. The official transcript discloses the cost of utilities, maintenance and repairs for one of the years taken into account in the record, with respect to property awarded to appellee, was more than $200.00 in excess of gross income. One of the properties awarded to appellee is located in flood territory and was damaged by the 1951 flood. Evidence of gross income alone is not evidence of rental value. It is only one of the elements of such value. Standing alone it is insufficient to establish rental value.

Other contentions made in support of the motion for rehearing

have been carefully examined. They were previously considered and do not alter our decision. Some other matters mentioned by the parties, not involving the merits of the decision, have not been overlooked. They do not require treatment.

The motion for rehearing is denied.