No. 39,984

EMMA MATHEY, nee OLSON, *Appellant*, v. CHARLES H. MATHEY, *Appellee.*

(294 P. 2d 202)

Opinion filed February 29, 1956.

W. K. *Thompson,* of Topeka, argued the cause, and *Walter T. Chaney,* of Topeka, was with him on the briefs for the appellant.

U. S. *Weary,* of Junction City, argued the cause, and *Robert K. Weary,* of Junction City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action by a divorced wife against her former husband to vacate and set aside a property division made in the divorce action on the ground of fraud.

The appeal is from an order sustaining a demurrer to the petition.

The basic question is concerned with whether the fraud pleaded is intrinsic or extrinsic, and whether it affords grounds to vacate or modify the judgment within the meaning of the statute, G. S. 1949, 60-3007, *Fourth.*

On February 23, 1953, plaintiff (who also was plaintiff in the divorce action) was granted a divorce. She appealed from that part of the decree pertaining to the division of property. Defendant did not appeal. The judgment was affirmed by this court in *Mathey v. Mathey,* 175 Kan. 446, 264 P. 2d 1058. Feeling aggrieved by our decision, plaintiff filed a motion for rehearing. After studious consideration of all points raised, a rehearing was denied in *Mathey v. Mathey,* 175 Kan. 733, 267 P. 2d 516.

On February 18, 1955, within the two-year period provided by G. S. 1949, 60-3008, plaintiff filed the instant action under G. S. 1949, 60-3007, *Fourth,* which reads:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

. . . . . . . . . . . . . . .

"*Fourth.* For fraud, practiced by the successful party, in obtaining the judgment or order."

Omitting formal parts, the petition alleges:

"II.

"That plaintiff and defendant herein were divorced by decree of this court in action No. 11,377, Geary County, Kansas, on February 23, 1953, and

their respective property rights therein settled at said time and place by said decree, based on the evidence received by the court in said action on the parties property then owned.

"III.

"Under the provisions of the General Statutes of Kansas, 1949, Section 60-3007, plaintiff herein petitions the court to vacate and modify the said decree of February 23, 1953, insofar as it affected or affects the property rights of the parties, for fraud, practiced by defendant in obtaining the decree.

"IV.

"That said defendant committed fraud on the court and plaintiff in said above numbered action 11,377 in the District Court of Geary County, Kansas, in testifying under oath, at the trial of said cause, that he did not possess any stocks or bonds, only Ten Dollars ($10.00) in the bank and Fifty-One Dollars ($51.00) in cash; that he fraudulently failed to disclose and reveal to the court in his testimony, at said time and place, the complete and total assets in personal property of defendant, or joint personal property controlled by defendant, consisting of Bank Stock of the Central National Bank of Junction City, Kansas; Government Bonds; cash in defendant's personal checking account; cash in two joint checking accounts, 'regular' and 'special'; cash in a joint savings account; and cash in the joint safety deposit box, all located in said Central National Bank of Junction City, Kansas and cash deposited in a postal savings account at the United States Postoffice of Junction City, Kansas, all amounting to a total in excess of Thirty Thousand Dollars ($30,000.00).

"V.

"That said above described action on the part of defendant was a planned scheme of deceit and concealment practiced by said defendant to mislead the court and defraud the plaintiff therein, who did not make discovery thereof until the month of July, 1954, and that by said fraudulent testimony and acts, defendant mislead the court in the adjudication and decree of the property rights of the parties, to plaintiff's damage and detriment in the sum of Fifteen Thousand Dollars ($15,000.00), or such amount of monies and properties as to the court constitute an equitable and just division of property between the parties."

The prayer is that the property division portion of the divorce decree be vacated and set aside; that the fraudulently undisclosed personal property be determined, and that the court make a fair and equitable division thereof between the parties.

Defendant filed a demurrer to this petition on the ground it does not state facts sufficient to constitute a cause of action for the reason that:

"The allegations of fraud, if any, are intrinsic and do not authorize or justify the court in vacating and setting aside this decree heretofore rendered herein on the 23rd day of February, 1953."

The demurrer was sustained on the ground mentioned, and plaintiff has appealed.

The statute (G. S. 1949, 60-3007, *Fourth*) under which this action was brought does not distinguish between intrinsic and extrinsic fraud. It has been held many times, however, that the fraud relied on must be extrinsic as distinguished from intrinsic, and that the fraud which will authorize a court to vacate a judgment in an action brought for that purpose must be extrinsic or collateral to the matter involved in the former action and sufficient to justify the conclusion that but for such fraud the result would have been different. (*Plaster Co. v. Blue Rapids Township*, 81 Kan. 730, 106 Pac. 1079, 25 L. R. A. (N. S.) 1237; *Garrett v. Minard*, 82 Kan. 338, 108 Pac. 80; *Putnam v. Putnam*, 126 Kan. 479, 268 Pac. 797; *Stafford v. Stafford*, 163 Kan. 162, 181 P. 2d 491, and *Lowry v. Lowry*, 174 Kan. 526, 256 P. 2d 869.) See also 49 C. J. S., Judgments, § 372, b, (2), p. 738, where it is said that, generally speaking, equitable relief against a judgment may be granted for extrinsic fraud but not for intrinsic fraud, and that the fraud which will afford ground for equitable relief must be extrinsic, extraneous or collateral to the matters or issues tried in the action in which the judgment was rendered, and that relief on the ground of fraud cannot be predicated on matters or issues which actually were or which with due diligence could have been presented and adjudicated in the original proceedings.

For a still further discussion of the subject reference is made to the lengthy annotation found at 88 A. L. R. 1201.

This necessarily leads to a discussion of what is meant by intrinsic and extrinsic fraud.

In the Plaster Co. case, *supra*, it was said:

"By the expression 'extrinsic or collateral fraud' is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from court by false promises of a compromise or fraudulently keeping him in ignorance of the action. Another instance is where an attorney without authority pretends to represent a party and corruptly connives at his defeat, or where an attorney has been regularly employed and corruptly sells out his client's interest. The fraud in such a case is extrinsic or collateral to the question determined by the court. The reason for the rule is that there must be an end to litigation, and where a party has his day in court and knows what the issues are he must be prepared to meet and expose perjury then and there. (*Pico v. Cohn*, 91 Cal. 129.) Where the alleged perjury relates to a question upon which there was a conflict, and it was necessary for the court to determine the truth or falsity of the testimony, the fraud is intrinsic and is concluded by the judg-

ment, unless there be a showing that the juridiction of the court has been imposed upon or that by some fraudulent act of the prevailing party the other has been deprived of an opportunity for a fair trial." (p. 735.)

In *Potts v. West,* 124 Kan. 815, 817, 262 Pac. 569, it was held that extrinsic fraud is fraud which prevents a fair presentation of the controversy to the court, and that intrinsic fraud is fraud which relates to a fair determination of the controversy by the court.

In the Putnam case, *supra,* it was said that by extrinsic fraud is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy, and that fraud is intrinsic and included in the judgment where it relates to questions that were in conflict and which were necessary for the court to determine.

In *Eaton v. Koontz,* 138 Kan. 267, 272, 25 P. 2d 351, it was said that extrinsic fraud consists in preventing fair presentation of issues, and that intrinsic fraud relates to fair determination of issues.

In the Stafford case, *supra,* acts by defendant which caused plaintiff not to be in court at the time of a divorce hearing were held to constitute extrinsic fraud—that is, they prevented a fair presentation of issues to the court.

In the Lowry case, *supra,* it was held that concealment of the fact a decree of divorce between the parties had been entered in another state amounted to extrinsic fraud because but for such concealment the Kansas court would have been aware that it was without jurisdiction of the subject matter.

In *Cunningham v. Cunningham,* 178 Kan. 97, 283 P. 2d 405, it was held that the fraud practiced, being of such a nature, and being calculated to prevent defendant from appearing in court and contesting the original action even though she had proper pleadings on file, constituted extrinsic fraud.

See also *Shuckrow v. Maloney,* 148 Kan. 403, 409, 83 P. 2d 118, and *Prideaux v. Prideaux,* 169 Kan. 644, 649, 650, 220 P. 2d 538, for further discussion of the subject.

In 23 Am. Jur., Fraud and Deceit, § 5, p. 757, appears the following statement:

"As applied to fraud, the term 'intrinsic' usually means that fraud was practiced in procuring the transaction, as distinguished from extrinsic fraud, which means that fraud was practiced in the act of obtaining a judgment in the course of litigation involving a transaction. The latter is actual fraud, but collateral to the transaction in litigation."

31 Am. Jur., Judgments, § 654, p. 230, defines the terms as follows:

"The acts for which a court of equity will, on account of fraud, grant relief from a judgment have relation to extrinsic or collateral fraud; intrinsic fraud is not sufficient for equitable relief. Fraud has been regarded as intrinsic, within the meaning of this rule, where the fraudulent acts pertain to an issue involved in the original action, or where the acts constituting the fraud were, or could have been, litigated therein. Accordingly, fraud cannot properly be said to be extrinsic, so as to warrant relief from a judgment based thereon, where the court rendering the judgment had before it the same issue of fraud on the same essential facts. On the other hand, fraud has been regarded as extrinsic or collateral, within the meaning of the rule here under consideration, where it is one the effect of which prevents a party from having a trial or from presenting all of his case to the court, or where it operates upon matters pertaining, not to the judgment itself, but to the manner in which it is procured, so that there is not a fair submission of the controversy. Fraud which induces an adversary to withdraw his defense, or prevents him from presenting an available defense or cause of action in the action in which the judgment is obtained, has been regarded as a proper ground for equitable relief against the judgment."

Generally speaking, the giving of false testimony, that is, perjury, standing alone and unaccompanied by other acts of a collateral nature, is held to constitute intrinsic fraud and ordinarily affords no ground for vacating a judgment.

In *Bleakley v. Barclay,* 75 Kan. 462, 89 Pac. 906, 10 L. R. A. (N. S.) 230, it was held:

"A party to a judgment cannot impeach or set it aside in a collateral proceeding on the ground that it was obtained by perjured testimony." (Syl. 1.)

This rule was followed in the Plaster Co. case, *supra,* in which it was held:

"In an action to vacate a judgment for fraud of the successful party a petition fails to state a cause of action where it relies solely upon the ground that the judgment was obtained upon false or perjured testimony and shows that the issue to which the alleged false testimony relates was raised by the pleadings and was tried out upon a conflict of testimony, the truth or falsity of which was necessarily determined in the former action." (Syl. 3.)

In *Littlefield v. Paynter,* 111 Kan. 201, 206 Pac. 1114, it was held:

"The truth or falsity of the testimony produced was a matter for the determination of the court rendering the judgment and that matter, not being extrinsic or collateral to the issue involved, must be regarded as adjudicated and not open to inquiry in another action." (Syl. 2.)

In the Putnam case, *supra,* the rule was thus stated:

"Where the court in the original case denied the divorce but divided the property after hearing evidence as to its existence, extent and value, any con-

cealment of property by the defendant from the plaintiff and the court prior to and at the time of the trial, if it amounted to fraud, would be intrinsic fraud." (Syl. 3.)

31 Am. Jur., Judgments, § 662, p. 236, states:

"Most cases support the doctrine that false testimony alone does not constitute sufficient cause for equitable relief from a judgment obtained thereby. Under this rule, when the issues of fact are so squarely made that each party knows what the other will attempt to prove, and neither is under any necessity of depending on the other to prove facts to be as he himself claims them, the courts will refuse to grant relief on the ground of false or perjured testimony."

To the same effect is 49 C. J. S., Judgments, § 374, p. 745, where it is said that according to the great weight of authority, perjury, unaccompanied by any extrinsic or collateral fraud, ordinarily does not constitute ground for equitable relief against a judgment inasmuch as perjury or false swearing is a species of intrinsic rather than extrinsic fraud.

Despite the difficulty often encountered in making a practical application of the distinction between the two types of fraud, it is clear from the foregoing authorities that, generally speaking, "extrinsic fraud" relates to acts which prevent a fair presentation of a controversy, and that "intrinsic fraud" relates to acts which prevent a fair determination of the issues once a court has a controversy before it. It is equally clear that perjury, standing alone, is held to constitute intrinsic fraud and ordinarily affords no ground for vacating a judgment. The reason for the last mentioned rule is that there must be an end to litigation, and where a party has had his day in court and knows what the issues are he must be prepared to meet and expose perjury at the time—otherwise litigation would be interminable. The rule is well stated in *Pico v. Cohn*, 91 Cal. 129, 25 Pac. 970, 13 L. R. A. 336, 25 Am. St. Rep. 159, cited with approval by this court in the Plaster Co. case, *supra*, and discussed in the annotation at 88 A. L. R. 1201 (1207 and 1208):

"In all such instances [of extrinsic fraud] the unsuccessful party is really prevented, by the fraudulent contrivance of his adversary, from having a trial; but when he has a trial, he must be prepared to meet and expose perjury then and there. He knows that a false claim or defense can be supported in no other way; that the very object of the trial is, if possible, to ascertain the truth from the conflict of the evidence, and that, necessarily, the truth or falsity of the testimony must be determined in deciding the issue. The trial is his opportunity for making the truth appear. If, unfortunately, he fails, being overborne by perjured testimony, and if he likewise fails to show the injustice that has been done him on motion for a new trial, and if the judgment is affirmed

on appeal, he is without remedy. . . . Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice; and so the rule is, that a final judgment cannot be annulled merely because it can be shown to have been based on perjured testimony; for if this could be done once, it could be done again and again *ad infinitum*." (p. 134.)

Applying all that has been said to the record before us, what disposition is to be made of this case?

Plaintiff contends that she alleges fraud on the court and herself resulting from defendant's failure to disclose and reveal the total assets of the parties which were known only to and controlled by him. Conceding this to be true, nevertheless, stripping paragraph IV of the petition of excess verbiage, there can be no doubt but that defendant is charged with testifying falsely concerning the amount and nature of personal property then owned by him or them jointly. In other words, he is charged with *perjury*. He is not charged with any acts which, under the authorities cited, constitute extrinsic fraud.

Perjury, standing alone, being intrinsic fraud, is an insufficient ground to vacate the judgment under the mentioned statute, and the demurrer to the petition was properly sustained.

The judgment is therefore affirmed.

HARVEY, C. J., not participating.