No. 40,859

DORIS JEAN FINCHER, *Appellee,* v. HARRY THOMAS FINCHER, *Appellant.*

(324 P. 2d 159)

Opinion filed April 12, 1958.

*Elmer Hoge,* of Overland Park, argued the cause, and *C. H. Boone,* of Leavenworth, was with him on the briefs for the appellant.

*Walter I. Biddle,* of Leavenworth, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: A wife sued for divorce. Personal *service of summons* was had. She obtained a default decree. The husband later filed a petition to vacate and set aside the decree on the ground it was obtained by fraud. Following a hearing thereon the husband was denied relief, and he has appealed.

The wife will be referred to as plaintiff and the husband as defendant.

The parties were married in 1942 and are the parents of two children. From 1949 until 1955 they lived in Overland Park, in Johnson County. She was employed as a bookkeeper and general secretary at an elementary school in Johnson County, and he was a television engineer for a Kansas City, Missouri, station. In September 1955 they entered into a contract for the sale of their home in Overland Park and defendant husband left for Hawthorne, Califor-

nia, where he obtained employment. Plaintiff wife and the children remained behind in order to close the sale. After this was accomplished she quit her employment, shipped the household furniture to Hawthorne, and she and the children joined defendant in California in December 1955. The family moved into a house in Hawthorne that defendant had previously rented. The children were enrolled in school and plaintiff obtained employment near Hawthorne.

Apparently some of their prior marital difficulties developed, and in March 1956 plaintiff and the children returned to Kansas and came to the home of plaintiff's parents at Basehor, Leavenworth County. Defendant's efforts to persuade her to return to California were futile and so he returned to Kansas, arriving at Basehor on May 9, 1956, at which time plaintiff informed him that she had filed suit for divorce in Leavenworth County on the previous day. Summons issued to the sheriff of Leavenworth County being returned unserved, an alias summons was issued to the sheriff of Johnson County, and on May 15, 1956, through the "co-operation" of plaintiff, defendant was personally served in Johnson County. He did not answer or otherwise plead, and plaintiff obtained a default decree of divorce on July 12, 1956. By the decree she was awarded custody of the two children; defendant was ordered to pay the sum of $30 per week for their support and maintenance until further order of the court, and certain property owned by plaintiff and defendant was divided between them. So far as the record discloses the provisions of the divorce decree were carried out by the parties and no appeal was taken.

In November 1956 defendant, having engaged counsel, filed a petition under the provisions of G. S. 1949, 60-3007 and 3008, to vacate and set aside the decree of divorce on the ground it was obtained by fraud in that plaintiff had not been an actual resident in good faith of the state for one year next preceding the filing of her petition, and neither was she a resident of Leavenworth County at that time.

Issues were joined and at the hearing thereon considerable evidence was introduced with respect to the facts and circumstances surrounding the move by the parties from Kansas to California, and with particular reference to the alleged relinquishment by plaintiff of her Kansas residence during the period of approximately three months she was in California. For reasons which will hereafter appear, we need not detail that evidence.

At the conclusion of the hearing the trial court indicated quite clearly by its remarks that it was of the opinion plaintiff had lost her Kansas residence when she moved to California and therefore was ineligible to file her divorce petition in May 1956, and that "if it had known then what it knows now the decree of divorce would not have been granted." The court ruled, however, that as no evidence was introduced to establish extrinsic fraud such as to warrant the relief sought, defendant's petition to vacate the decree must be denied.

From that ruling defendant has appealed.

G. S. 1949, 60-1502, provides that the plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed, unless the action is brought in the county where the defendant resides or may be summoned.

G. S. 1949, 60-508, provides that an action for a divorce may be brought in the county of which the plaintiff is an actual resident at the time of filing the petition, or where the defendant resides or may be summoned.

G. S. 1949, 60-2502, provides that where an action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants.

These statutes, which are to be construed together, speak for themselves.

Plaintiff's verified petition for divorce, filed on May 8, 1956, alleged

". . . that she is a resident of Basehor, Leavenworth County, Kansas, and has for more than one year last past been an actual resident in good faith of Johnson County, Kansas, and Leavenworth County, Kansas."

and

". . . that the plaintiff at the instance and request of the defendant is now residing at the home of her parents in Basehor, Leavenworth County, Kansas."

These allegations considered at their face value, plaintiff was entitled to file the action, it was properly filed in Leavenworth County, and service of summons on defendant in Johnson County was proper.

The decree of divorce rendered on July 12, 1956, after taking note of the personal service of summons upon defendant and his complete default, contains the finding

". . . that said plaintiff has been an actual resident in good faith of the State of Kansas for more than one year next preceding the filing of her petition herein and a resident of Leavenworth County, Kansas, in which this action is brought at the time her petition was filed; . . ."

As previously stated, in November 1956, within the two-year period provided by G. S. 1949, 60-3008, defendant filed the petition here in question under G. S. 1949, 60-3007, *Fourth,* which reads:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

. . . . . . . . . . . . .

"*Fourth.* For fraud, practiced by the successful party, in obtaining the judgment or order."

In the recent case of *Mathey v. Mathey,* 179 Kan. 284, 294 P. 2d 202, this court had occasion to consider questions very similar to those here involved, except for the fact the alleged fraud in that case consisted of the giving of false testimony by the husband at the trial as to his financial worth. By that decision and the numerous cases cited in the course of the opinion, it is firmly established that in an action brought under G. S. 1949, 60-3007, *Fourth,* to vacate or modify a judgment on the ground of fraud, the fraud relied upon must be *extrinsic* fraud as distinguished from *intrinsic* fraud, and that, generally speaking, the giving of false testimony, standing alone and unaccompanied by other acts or conduct of an extrinsic or collateral nature, is held to constitute intrinsic fraud, and ordinarily affords no ground for equitable relief against a judgment.

Defendant recognizes the force and effect of the rule just mentioned and the decisions in support thereof, but argues that he was lulled into a false sense of security and was led to believe that plaintiff was not going ahead with her divorce action, thus causing him to default, which such conduct on the part of his wife, it is contended, amounted to extrinsic fraud, that is, he thus was prevented from making a fair presentation of his side of the controversy to the court.

Our examination of the record simply does not bear out and support this contention that defendant was in any way deprived of his day in court.

It is further argued that because of the statutory requiremnt (G. S. 1949, 60-1502) as to residency for one year, the general rule with respect to perjury constituting intrinsic fraud and thus affording no ground for relief in an action such as this, is inapplicable to the facts

before us because the alleged perjury related directly to the *jurisdiction* of the court to entertain the action and to grant the divorce.

The distinction between intrinsic and extrinsic fraud and the reason why intrinsic fraud ordinarily affords no ground for relief in an action to vacate and set aside a judgment on the ground of fraud, were discussed fully in the Mathey case and there is no occasion to repeat what was there said and held.

An analogous situation was present in *Blair v. Blair,* 96 Kan. 757, 153 Pac. 544, which was an action to set aside a decree of divorce on the ground of fraud. In 1882 William Blair procured a divorce on the ground of abandonment. Service was by publication and Blair filed an affidavit that he did not know his wife's place of residence and had no means of ascertaining it, which constituted the statutory excuse for not mailing her a copy of the petition and of the publication notice. More than thirty years later the wife filed a petition to set aside the decree on the ground of fraud, alleging that the affidavit was false; that the grounds for divorce stated in the divorce petition were false; that Blair had not been a resident of Kansas long enough to entitle him to sue for a divorce in this state, and that in truth he had wilfully and without cause deserted and abandoned her.

In discussing the question presented, this court said:

"It is well settled by previous decisions of this court that the decree of divorce was not void. All the formalities which the law required to be observed were observed. A verified petition showing that the plaintiff was a resident in good faith of Johnson county, had been such for more than a year, and stating a statutory ground for divorce, was filed. A proper showing for service by publication was made and a proper notice was published. A proper affidavit giving reasons for not mailing the petition and publication notice was filed. The prescribed preliminary steps having been taken, the court acquired jurisdiction. All that followed was the exercise of jurisdiction, and the journal entry of judgment discloses that the subsequent proceedings were regular in every particular. It made no difference if the affidavit giving the reason for not mailing a copy of the petition and of the notice were false. . . . Blair was required to allege and prove residence such as the law required. It made no difference if the allegation were false. . . . Jurisdiction over the subject of divorce, a petition good on its face, and due service by publication gave the court the right to take the evidence and decide the question of residence. If the decision were wrong, it was not void for want of jurisdiction. . . . It made no difference if all the other allegations of the petition were false and were sustained by false testimony. The judgment would still not be void. . . .

"Although not void for want of jurisdiction a decree of divorce may be voidable for fraud. Such a decree may not be avoided, however, for any

fraud inherent in the cause of action itself, or because the cause of action was established by false testimony. It can only be avoided for fraud external to the issues, that is, some fraud which prevented a fair submission of the controversy. . . ." (pp. 758, 759.)

The foregoing is applicable to the question before us. Plaintiff's verified petition for a divorce alleged that she was a resident of Leavenworth County and had been an actual resident in good faith of the state for more than one year last past. Personal service of summons on defendant was had, thus bringing him into court for all purposes of the case. The prescribed preliminary steps having been taken, the district court of Leavenworth County acquired jurisdiction. All that followed was the exercise of jurisdiction, and the decree of divorce discloses that all subsequent proceedings were regular in every particular. Jurisdiction is defined as the power of a court to hear and decide a matter. The test of jurisdiction is not a correct decision, but a right to enter upon inquiry and make a decision. Jurisdiction is not limited to the power to decide a case rightly, but includes the power to decide it wrongly. (*In re Estate of Johnson*, 180 Kan. 740, 746, 308 P. 2d 100.)

In the Blair case the court went on to say that if the wife had received by mail a copy of the divorce petition and a copy of the publication notice informing her of the suit and of the nature of the judgment which would be rendered in case she made default, it may be she would have been able to defeat the action by appearing at the trial and exposing the falsity of some or all of the material allegations of the petition; that while her petition to vacate and set aside did not so allege, it may be assumed that she was prevented from doing this because a copy of the divorce petition and of the publication notice were not mailed; that if Blair did know his wife's place of residence, or if he had means of ascertaining it, he committed a fraud on her and on the court by not mailing the documents referred to and by filing a false affidavit as an excuse for not doing so, and that such fraud was external to the issues in the case and was sufficient to vitiate the judgment if made the basis of a proper proceeding to that end. In other words, it was held that Blair's alleged fraud, if proved, was external to the issues, that is, extrinsic fraud, in that it deprived his wife of the opportunity to present her side of the controversy.

Such is not the case here, however, for defendant was personally served and was in no way deprived of his day in court, and with

respect to the question of jurisdiction the above-quoted portion of the Blair decision is controlling on the question before us.

A summary of what has been said and held amounts to this:

. If, in fact, at the time of filing her petition for divorce plaintiff had been an actual resident in good faith of the state for one year next preceding, and at the time was a resident of Leavenworth County, no fraud was committed and no reason existed for setting aside the judgment on the ground of fraud. If, on the other hand, plaintiff at the time of filing her petition for divorce did not in truth and in fact meet the residency requirement, her fraud, if any, under the facts and circumstances, constituted intrinsic fraud, which under the well-established rule, affords no ground to vacate and set aside the judgment.

The judgment is therefore affirmed.

JACKSON, J., not participating.