No. 41,710

Rosella Hodge, *Appellee*, v. Ray Hodge, *Appellant*.

(349 P. 2d 947)

Opinion filed March 5, 1960.

*T. L. O'Hara,* of Wichita, argued the cause and was on the briefs for the appellant.

*Pat Warnick,* of Wichita, argued the cause, and *Alan B. Phares,* of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was a proceeding filed pursuant to the provisions of G. S. 1949, 60-3007, *Fourth* to set aside a judgment in a divorce action on account of fraud practiced by defendant, wherein a divorce was granted to plaintiff and a contract between the parties dividing their property was approved by the trial court.

The petition in the instant case alleged that on January 29, 1958, Ray Hodge, defendant (appellant) herein, filed an action against Rosella Hodge, plaintiff (appellee) herein, for divorce. Thereafter, Mr. Hodge prevailed upon Mrs. Hodge to enter into a property settlement, which was consummated January 9, 1959, whereby it was agreed that she would have the household goods and furnishings and an automobile, that the property consisting of the home and two rental properties was to be deeded by the parties to their four minor children, that the stock in the Midwest Plastics Corporation, Inc., in the separate names of the husband and the wife should be the respective property of each, and that the husband should pay $200 a month for the support and maintenance of the four minor children. Plaintiff further alleged that defendant prevailed upon her to file a cross petition asking for a divorce and to submit the property settlement agreement to the trial court for approval; that on January 9, 1959, she did file her answer and cross petition, asking for a divorce from defendant, and on January 16, she presented her evidence and was granted a divorce and at the same

time she submitted to the court for approval the property settlement hereinbefore related; that the trial court carefully examined the property settlement and found the same was fair and equitable and had been freely and voluntarily entered into and should be approved, entering judgment accordingly.

The petition further alleged that defendant fraudulently represented to plaintiff over a period of time that Midwest Plastics Corporation, Inc., in which he was the principal stockholder, had no value, that the company was not making any money, that he had put up what stock he owned in such corporation as collateral to purchase machinery and that the company was overdrawn at the bank and was just barely taking in enough money to keep going. Plaintiff further alleged that said statements were false, when in truth and in fact the corporation was prosperous and had a large business potential and the defendant so advised the stockholders at a meeting held April 4, 1959 and further stated that in the next two years if business continued to increase, they would be doing a volume of close to $2,000,000 annually.

It was further alleged that at the time plaintiff signed the property settlement agreement the defendant refused to inform her of the number of shares owned by her; that, in fact, at the time the total number of outstanding shares of the corporation was 363, of which the husband owned 278, the wife one, and the children none; that at the aforementioned stockholders' meeting defendant reported that at the end of its fiscal year of 1958 the corporation had a profit in excess of $11,000 and during the first quarter beginning in September, 1958 and extending to January 1, 1959, due to the increase of business for that quarter the profits of the corporation were almost equal to the year's profit for 1958; that all of said information concerning the financial status of the corporation was known to defendant and was fraudulently withheld from plaintiff.

It was further alleged that the real estate set aside to the four minor children, which had a value of approximately $40,000 to $45,000, was encumbered to approximately $40,000, all of which was concealed from plaintiff at the time of the property settlement; that the husband fraudulently failed, neglected and refused to make a full disclosure to plaintiff of the assets accumulated by the parties during their marriage and that by plan and design and by repeated false representations made by defendant to plaintiff, she was induced to enter into the property settlement, and that she subse-

quently submitted it to the trial court for its approval as a division of the property between the parties.

It was further alleged that plaintiff relied on the statements of defendant and believed them to be true; that she received no independent legal advice and at the insistence of defendant she was compelled to consult with his attorney concerning the divorce action and property settlement. Plaintiff asked that the judgment in the divorce action be vacated.

From an order of the trial court overruling defendant's demurrer to plaintiff's petition, defendant appeals.

Defendant first argues that the allegations of plaintiff's petition do not constitute extrinsic fraud for which plaintiff would be entitled to have the judgment vacated. Under the provisions of G. S. 1949, 60-3007, *Fourth,* the district court, within the time specified by the code, has power to vacate or modify its own judgment or order at or after the term at which the judgment or order was made for fraud practiced by the successful party in obtaining the judgment or order.

Both parties concede that the fraud to which reference is made in the above section is extrinsic fraud as distinguished from intrinsic fraud. (*Stafford v. Stafford,* 163 Kan. 162, 181 P. 2d 491; *Mathey v. Mathey,* 179 Kan. 284, 294 P. 2d 202.) Our books are replete with decisions defining extrinsic, as well as intrinsic, fraud and applying those definitions to the facts in a given case. We do not deem it necessary to repeat what has heretofore been so thoroughly dealt with. Some of our most recent cases on this subject are *Stafford v. Stafford,* supra; *Lowry v. Lowry,* 174 Kan. 526, 256 P. 2d 869; *Cunningham v. Cunningham,* 178 Kan. 97, 283 P. 2d 405; *Mathey v. Mathey,* supra; *In re Thornton,* 184 Kan. 551, 337 P. 2d 1027. In substance, the mentioned decisions hold that the term "extrinsic fraud" means some act or conduct of the prevailing party which has prevented a fair presentation or submission of the controversy. Fraud which will authorize a court to vacate a judgment in an action brought for that purpose must be extrinsic or collateral to the matter involved in the former action and sufficient to justify the conclusion that but for such fraud the result would have been different.

Our statute (G. S. 1949, 60-1511) provides, among other things, that when a divorce is granted to the wife for the fault of the husband, she shall be allowed such alimony as the court thinks reasonable, having due regard for the value of the husband's real and

personal property at the time of the divorce, and the court shall make a fair and just division between the parties of the real and personal property acquired by them during the marriage. In interpreting this statute, we have said that where a divorce is granted the wife for the fault of the husband it is mandatory that the court make an equitable division of the jointly acquired property (*Garver v. Garver*, 184 Kan. 145, 149, 334 P. 2d 408).

It is clear that a status is not all there is to matrimony, and dissolution of that status by a decree of divorce does not put an end to all the marriage relations connoted. Certain property rights flow from the relationship. While the decree of divorce destroys the marital status, there remains the subject of deprivation of property by means of fraud practiced in obtaining the judgment. (*Blair v. Blair*, 96 Kan. 757, 761, 153 Pac. 544.)

We are of the opinion that the facts alleged in the petition were sufficient to show defendant withheld the true extent and value of their property and fraudulently induced plaintiff to enter into and subsequently submit to the trial court for its approval the property settlement agreement, wherein defendant allegedly received substantially all of the property, as a fair and equitable division of the property of the parties, thereby preventing a fair presentation and submission of that issue to the court. Inasmuch as it was the duty of the court, in granting the decree of divorce, to make an equitable division of the property acquired by the parties during their marriage, the alleged action on the part of the defendant constituted extrinsic fraud. We are of the opinion that had the trial court known the true facts regarding the extent and value of the property of the parties as alleged, the judgment would obviously have been different.

Defendant next contends that the plaintiff was the prevailing party in securing the divorce and, therefore, the petition stated no cause of action against him. We find no merit in this contention. Under the allegations of the petition, defendant was clearly the prevailing party. He caused plaintiff to submit the allegedly fraudulent property settlement to the court for approval, thereby accomplishing his purpose in having substantially all of the property set aside to him. It is true that the plaintiff prevailed as to the decree of divorce but not as to the division of the property. In view of what has been said, the judgment of the trial court is affirmed.

It is so ordered.