No. 43,210

Rosella Hodge, *Appellee*, v. Ray Hodge, *Appellant*.

(381 P. 2d 329)

Opinion filed May 11, 1963.

*James R. Barr*, of Wichita, argued the cause and *Clifford H. Pugh*, of Wichita, was with him on the briefs for the appellant.

*John W. Sowers*, of Wichita, argued the cause and *Clarence R. Sowers*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from an order overruling a demurrer to a petition to vacate a judgment allegedly obtained by extrinsic fraud.

The facts, insofar as here pertinent, are not in dispute. Since the statute of limitations is involved dates will be noted. On January 29, 1958, Ray Hodge filed an action for divorce against his wife, Rosella Hodge. On January 9, 1959, Rosella filed a cross-petition for divorce. On January 16, 1959, judgment was entered in the action granting a divorce to Rosella and approving a property settlement.

On May 7, 1959, Rosella filed a petition against Ray seeking a vacation of the judgment entered on January 16, 1959. The petition alleged facts constituting extrinsic fraud on the part of Ray in connection with the property settlement which was made a part of the judgment. Ray demurred to the petition. The demurrer was overruled on June 29, 1959. Ray appealed. In *Hodge v. Hodge*, 186 Kan. 361, 349 P. 2d 947, this court sustained the judgment of the lower court and in the opinion said:

"We are of the opinion that the facts alleged in the petition were sufficient to show defendant withheld the true extent and value of their property and fraudulently induced plaintiff to enter into and subsequently submit to the trial court for its approval the property settlement agreement, wherein defendant allegedly received substantially all of the property, as a fair and

equitable division of the property of the parties, thereby preventing a fair presentation and submission of that issue to the court. Inasmuch as it was the duty of the court, in granting the decree of divorce, to make an equitable division of the property acquired by the parties during their marriage, the alleged action on the part of the defendant constituted extrinsic fraud. We are of the opinion that had the trial court known the true facts regarding the extent and value of the property of the parties as alleged, the judgment would obviously have been different." (page 364.)

Thereafter, and on July 28, 1961, the case again came on for hearing in the district court and on motion of Rosella's attorney was dismissed without prejudice. The reason for the dismissal is not here material but interested readers of this opinion will find it in *Hodge v. Hodge*, 190 Kan. 492, 376 P. 2d 822, another intermediate appeal.

On April 24, 1962, Rosella filed an amended petition in the district court in which she alleged the same facts as were set out in the original petition with the following addition:

"That this action was commenced within due time; that subsequent thereto, and on or about the 28th of July, 1961, this action was dismissed otherwise than upon the merits thereof. And this plaintiff brings this action under and by virtue of the General Statutes of Kansas 1949, Section 60-311, as in such cases made and provided by law.

"This plaintiff further alleges and states that the cause of action herein alleged is identical to the cause of action set forth in the Petition of Rosella Hodge vs. Ray Rodge, Case No. A-77029, which was dismissed as aforesaid without prejudice."

Ray filed a demurrer to the amended petition, ". . . for the reason that said Amended Petition does not state facts sufficient to constitute a cause of action . . ." The demurrer was overruled. This appeal followed.

The appellant contends that an action to vacate a judgment must be brought within two years and that G. S. 1949, 60-311, has no application to the involved action.

We will first consider the applicable statutes.

G. S. 1949, 60-3007, upon which appellee bases her right to relief provides in part:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

. . . . . . . . . . . . .

"*Fourth*. For fraud, practiced by the successful party, in obtaining the judgment or order."

G. S. 1949, 60-3008, provides:

"Proceedings to vacate or modify a judgment or order for the causes mentioned in subdivisions four, five and seven of the next preceding section must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or person of unsound mind, and then within two years after removal of such disability. . . ."

G. S. 1949, 60-3011, provides:

"The proceedings to vacate or modify the judgment or order on the grounds mentioned in subdivisions four, five, six, seven, eight and nine of section 596 [60-3007] shall be by petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition a summons shall issue and be served as in the commencement of an action."

G. S. 1949, 60-311, on which appellee relies to avoid the limitation set out in G. S. 1949, 60-3008, provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

In his brief appellant states his contention in the following manner:

"The legislature granted certain authority to act and at the same time limited the time in which such authority to act might be exercised, under specific circumstances. Once this limit has been exceeded there is no extension available. The provision for extension of time as embodied in General Statutes of Kansas 1949, 60-311, applies only to actions governed by the general statutes of limitation and not proceedings, whose very existence is dependent upon what was established by the legislature, and whose scope is strictly limited by the legislature when the proceeding was created."

In her brief appellee states:

"It is the contention of this Appellee that she complied with the General Statutes of the State of Kansas, 1949, Section 60-311, . . ."

Appellee makes no argument and cites no case in opposition to appellant's contention that G. S. 1949, 60-311, is not applicable to the limitation contained in G. S. 1949, 60-3008. It may be added an extended review on our part indicates there is none to be found in our decisions.

Long ago this court held, and has consistently adhered to the rule, that where a special remedy is created by statute and the statute provides its own limitation of time for commencing proceedings to obtain the special relief, the general statute of limita-

tions has no application. Where the right is special and conditional, and the condition is annexed to the statute it forms a part of the right itself. (*Hamilton v. H. & St. J. Rld. Co.*, 39 Kan. 56, 18 Pac. 57.)

The foregoing rule was specifically and thoroughly considered in *Rodman v. Railway Co.*, 65 Kan. 645, 70 Pac. 642, where an action for wrongful death was dismissed without prejudice after the two year statute of limitations had expired and another action was attempted to be brought within one year after the dismissal under the provisions of the statute now G. S. 1949, 60-311. In an extensive opinion, citing many authorities, the court stated:

"A review of the authorities bearing on the question controverted compels us to hold that the scope and effect of the act above quoted is not merely to provide a remedy for a cause of action existing independent of the act itself, but to create a cause or right of action where, prior to the passage, or in the absence of the act none existed. As a part of the right of action itself, as a condition imposed upon and in limitation of the exercise of the right granted, it is provided that the action upon which recovery is had must be commenced within two years from the time the right of action arose. No excuse pleaded for delay in the commencement of the action for more than two years will avail, for the reason that no such excuse can in law be held sufficient. A limitation upon the time in which a preexisting right of action may be exercised is governed by the general statutes of limitation, and, in consequence, falls within the saving provisions of section 23 [now G. S. 1949, 60-311] above quoted. But the limitation in time of the commencement of the action here brought under this statute is imposed as a condition upon the exercise of the right itself, is special and absolute in its nature, and is unaffected by the general provisions of section 23 [now G. S. 1949, 60-311].

"We are cited by counsel for plaintiff in error to cases in which it is claimed a doctrine contrary to the conclusion here reached is announced. We have examined the cases cited, and find but one in which the precise question here considered was either raised or determined. The exact question was presented and considered in the case of *Swift v. Hoblawetz*, 10 Kan. App. 48, 61 Pac. 969. No authorities are cited in its support, nor are reasons given for the conclusion reached. Its authority is denied." (pp. 654 and 655.)

The court in the *Rodman* case cited numerous foreign authorities in support of its decision. We quote in part:

"The precise question here under consideration arose in *Gerren v. Hann. & St. Jo. R. R. Co.*, 60 Mo. 405. It was there held:

" 'Under section 5 of the damage act, the new suit brought against a railroad, after non-suit, must be commenced within one year after the date of the injury. Section 19 of the chapter concerning limitations, authorizing the commencement of a new action within a year from date of non-suit, has no application to causes, the time for bringing which is not "prescribed" by that chapter, but otherwise limited.'

"Also, in *L. S. & M. S. Ry. Co. v. Dylinski*, 67 Ill., App. 114, it was held:

" 'Actions for damages resulting from the death of a person caused by the wrongful act of another may be commenced within two years after such death. The time is not extended by a non-suit in a previous action.'

"Many cases have arisen in which it has been held that minority or other legal disability of the party entitled to bring and maintain the action will not operate to extend the time prescribed in the statute for the bringing of the action, in the absence of a saving clause in the act itself. (*Foster v. Railroad Co.*, 72 Miss. 886, 18 South 380; *Murphy v. The Chicago, M. & St. P. Ry. Co.*, 80 Iowa 26, 45 N. W. 392; *Best v. Town of Kinston*, supra; *O'Keif, Admr., v. Memphis & Charleston R. R. Co.*, 99 Ala. 524, 12 South, 454; *Louisville & Nashville Railroad Company v. Sanders, &c.*, 86 Ky. 259, 5 S. W. 563.)" (pp. 652 and 653.)

For another decision, adhering to the basic fundamentals of the rule discussed in the *Rodman* case, see *Berkley v. Tootle*, 62 Kan. 701, 64 Pac. 620, where it is said:

". . . In our opinion, section 23 [now G. S. 1949, 60-311] of the civil code has no application to proceedings in revivor, which are summary in their character and may be had before a court or judge at chambers. That section presupposes an existing right of action and places a limitation on the remedy. In the matter of a revivor there is no right to an order, nor is there power within the court or judge to make one, unless it is made within one year after it could have been first made. The limitation in section 23 [now G. S. 1949, 60-311] refers to the commencement of actions, and fixes the time within which a party must judicially assert his claim, while the limitation on revivor relates to the power of the court and fixes a limit for the final determination of the matter and the granting of an order. The first is a limitation on the remedy, while the second operates as a condition on the right itself, and, if a party fails to bring himself within the condition, the right to a revivor does not exist and there is no power in the court to revive the dormant judgment.

"We conclude that the restrictions on revivor are not to be regarded as ordinary statutes of limitation, and that section 23 [now G. S. 1949, 60-311] of the code has no application to revivor proceedings." (p. 703.)

In *Medill v. Snyder*, 71 Kan. 590, 81 Pac. 216, this court had under consideration the application of the rule in connection with a suit to contest a will. In that case, in describing the nature of the controversy, we said:

"The plaintiff in error brought a suit in due season to contest a probated will affecting both real and personal property, and then voluntarily dismissed it. After the expiration of two years from the probating of the will, but within one year from the dismissal of the first suit, he commenced another against the same parties and for the same relief as before. A demurrer was sustained to the petition, on the ground that the right of action was barred because of the expiration of the time limited by the statute of wills within which will contests may be initiated. The question for decision is whether the right

to maintain the second suit is preserved by section 23 [now G. S. 1949, 60-311] of the general statute of limitations, . . ." (pp. 590 and 591.)

And at page 592 of the opinion stated and held:

"It is a rule of interpretation that general statutes of limitation, embodied in the codes of civil procedure ordinarily relate to the prosecution of actions generally, and the enforcement of the remedies that such codes prescribe and regulate; and that special statutes usually must be literally followed in respect to the time conditions that they impose. (*Hill v. Supervisors,* 119 N. Y. 344, 23 N. E. 921; *Beebe v. Doster,* 36 Kan. 666, 14 Pac. 150; *Cartwright v. Korman,* 45 *id.* 515, 26 Pac. 48.)

"If the statute of wills be considered in the light of a statute of limitations this rule applies. It is a special enactment, complete in itself, and apparently designates the only exceptoin intended to be allowed. . . ." (p. 592.)

In *Blair v. Blair,* 96 Kan. 757, 153 Pac. 544, an action was brought to set aside a decree of divorce thirty years after the decree was rendered. The petition alleged fraud in obtaining the decree which was not discovered until shortly before the action was brought. In the opinion we said:

"Regarding the petition in the light of a petition to vacate a judgment for fraud under the provision of the code of civil procedure, the court was without jurisdiction. Section 596 [now G. S. 1949, 60-3007] of the civil code provides that the district court shall have power to vacate its own judgments or orders at or after the term at which they were entered in nine specific instances. The fourth is for fraud practiced by the successful party in obtaining the judgment or order. The method of procedure is in some instances by simple motion and notice. In others, as in the case of fraud, greater formality is required. The applicant is required to file a petition which must conform to certain requirements, and a summons must be issued and served as at the commencement of an action. In some respects the latter proceeding takes the form of a new action and may present equitable aspects. (*The State v. Soffietti,* 90 Kan. 742, 136 Pac. 260.) The proceeding, however, is not an action but is a special proceeding, according to the definitions of the code (§§ 4, 5), and is in no sense a substitute for an equity suit cognizable under the general equity powers of the court. The petitioner is held to a substantial compliance with all the limitations imposed upon the remedy. (*Daniel Hill v. Elias Williams,* 6 Kan. 17; *Sanford v. Weeks,* 50 Kan. 339, 31 Pac. 1088; *Publishing House v. Heyl,* 61 Kan. 634, 60 Pac. 317.) . . .

"Section 579 [now G. S. 1949, 60-3008] is not a statute of limitation which may be tolled or which does not begin to run until knowledge of fraud. It is a time limitation imposed upon the court's power to act. The language of section 596 [now G. S. 1949, 60-3007] is, 'the district court shall have power.' In order that the court may have the power conferred proceedings 'must be commenced' within the designated period. After that, authority to exercise the power granted is at an end. Without the statute power to vacate a judgment merely voidable would end with the expiration of the term at which the

judgment was rendered. The statute makes a conditional extension of jurisdiction, the condition being that proceedings to vacate must be commenced within two years. No excuses for not beginning earlier other than those named in the statute can be recognized, and an order to vacate based on proceedings commenced after two years would be *coram non judice* and might be ignored whenever and wherever encountered. The courts have been quite unanimous in interpreting statutes of this character in this way whenever the precise question has been under decision. (citing cases)." (pp. 764 and 765.)

The *Blair* case makes it clearly appear that the provisions of the general statute of limitations do not apply to proceedings to vacate a divorce decree such as we have before us in the present case. A like ruling, under somewhat similar facts, may be found in the more recent case of *Elfert v. Elfert*, 132 Kan. 218, 222, 223, 294 Pac. 921.

For other cases, holding that the so-called saving statute (G. S. 1949, 60-311) has no application in proceedings having their own statutory procedure, see our recent decisions of *Terrell v. Ready Mixed Concrete Co.*, 174 Kan. 633, 639 to 642, incl., 258 P. 2d 275 (a proceeding under the provisions of the Workmen's Compensation Act) and *Howard v. State Highway Commission*, 181 Kan. 226, 228, 311 P. 2d 313 (an eminent domain proceeding).

In view of the authorities heretofore cited we are constrained to conclude that the statutory remedy for vacating a judgment is complete within itself, and designates the only exceptions to be allowed. The statute (G. S. 1949, 60-3008) designates its own statute of limitations and the general statute of limitations, including G. S. 1949, 60-311, has no application to proceeding to vacate a judgment.

The judgment of the district court is reversed with instructions to sustain the demurrer.